**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION**

**JAMES B. NEELY, JR.,
ADC #110915**                                                                             **PLAINTIFF**

**V.**                   **CASE NO. 4:18-CV-189-KGB-BD**

**TURNKEY HEALTH CLINICS, et al.**                             **DEFENDANTS**

## RECOMMENDED DISPOSITION

### I. Procedures for Filing Objections

This Recommended Disposition ("Recommendation") has been sent to Judge Kristine G. Baker. Mr. Neely may file written objections if he disagrees with the Recommendation. Objections should be specific and should include the factual or legal basis for the objection. To be considered, objections must be received in the office of the Court Clerk within 14 days of this Recommendation.

If no objections are filed, Judge Baker can adopt this Recommendation without independently reviewing the record. By not objecting, Mr. Neely may waive any right to appeal questions of fact.

### II. Discussion

James B. Neely, Jr., formerly an inmate at the Saline County Detention Facility ("Detention Facility"), filed this civil rights lawsuit without the help of a lawyer. (Docket entry #2) In his complaint, Mr. Neely alleged that he was denied constitutionally adequate medical care while confined at the Detention Facility. He also complained that Officer Douthit violated the Health Insurance Portability and Accountability Act

("HIPAA") and that medical staff retaliated against him for filing a previous lawsuit. As written, the complaint could not move forward because it lacked critical information.

First, Mr. Neely alleged that "nurses" failed to provide his medication and failed to provide other needed care. He named Doe Defendants in the caption of his case and identified nurses "Aaron" and "Mercedes" (with no surnames) in the body of his complaint. He did not state, however, which Defendant was involved in which claims. The Court warned Mr. Neely that all Defendants had to be served within 90 days of the filing of his original complaint or his claims against those Defendants would be dismissed. (#4) More than 90 days have passed since the complaint was filed, and the Doe Defendants have not be sufficiently identified or served with process.

Second, Mr. Neely's allegation that Defendant Douthit violated HIPAA, even if true, does not state a claim for relief. There is no private right of action under HIPAA. *Acara v. Banks*, 470 F.3d 569, 571–72 (5th Cir. 2006) ("Congress did not intend for private enforcement of HIPAA," and "[e]very district court that has considered this issue is in agreement that the statute does not support a private right of action"); *Bradford v. Blake*, 2006 WL 744307, *3 (E.D. Mo. Mar. 23, 2006) (holding that HIPAA creates no private right of action enforceable under 42 U.S.C. § 1983) (citing cases).

Third, Mr. Neely alleged that the medical staff retaliated against him for filing a previous lawsuit against Detention Facility employees. However, he has not identified the individuals who retaliated or explained how or whether any of the Defendants in this case were aware of his prior lawsuit.

Finally, Mr. Neely's allegations against TurnKey Health Clinics ("TurnKey") fail to state a federal claim for relief. TurnKey cannot be held liable merely because it employed individuals who violated Mr. Neely's rights. A corporation acting under color of state law "will only be held liable under § 1983 for its own unconstitutional policies." *Sanders v. Sears, Roebuck & Co.*, 984 F.2d 972, 975-76 (8th Cir. 1993) (citing *Monell v. Dep't of Social Servs.*, 436 U.S. 658, 690-91 (1978)). Here, Mr. Neely did not allege that Defendant TurnKey has a policy or custom that led to a violation of his rights.

By order of March 15, 2018, the Court explained these deficiencies to Mr. Neely and ordered him to file an amended complaint within 30 days. He was specifically warned that his claims could be dismissed if he failed to supplement his complaint as required in the Court's order. (#3) To date, Mr. Neely has not filed an amended complaint, nor has he adequately identified the Doe Defendants.

### III. Conclusion

The Court recommends that Mr. Neely's claims be DISMISSED, without prejudice, based on his failure to comply with this Court's March 15, 2018 Order.

DATED, this 26th day of June, 2018.

_____
UNITED STATES MAGISTRATE JUDGE